[No. 1360.    March 3, 1911.]

THE COMMUNITY DITCH OR ACEQUIAS OF TULAROSA TOWNSITE, a Corporation, Appellant, v. THE TULAROSA COMMUNITY DITCH, W. D. TIPTON, E. KNIGHT, J. J. DALE, and E. H. SIMMONS, Appellees.

## SYLLABUS (BY THE COURT)

1. Upon the disputed question of fact the plaintiff was entitled to be heard and to introduce evidence in support of its contention.

Appeal from the District Court for Otero County, before FRANK W. PARKER, Associate Justice. Reversed and remanded.

W. J. CONNELL and H. B. HAMILTON for Appellant.

Judgments and decrees are conclusive evidence only as between parties and privies to the litigation. 2 Black on Judgments, sec. 534; Wabash R. R. Co. v. Adelbert College, 28 S. C. R. 182; Wabash, St. L. & P. R. Co. v. Ham, 114 U. S. 587; Compton v. Jessup, 15 C. C. A. 397.

SHERRY & SHERRY and A. B. FALL for Appellees.

## STATEMENT OF THE CASE.

Plaintiff in the court below filed its bill of complaint for a writ of injunction against the defendants enjoining them from interfering with the waters of the Tularosa River, or acequias and ditches of the plaintiff. To this

bill of complaint the defendants filed a special plea in bar, wherein they allege, in effect, that the matters and things attempted to be litigated by the plaintiff had theretofore been fully adjudicated in a certain cause numbered 293 on the docket of Otero county, between the Tularosa Community Ditch, a corporation, in behalf of themselves, and of the town lot owners and others of the town of Tularosa, as plaintiffs, and the Tularosa Land and Cattle Company, a corporation, and others, as defendants, and further alleging in said special plea that, the plaintiff in the case at bar was a party to said cause numbered 293 and bound thereby. To this special plea in bar the plaintiff filed a verified answer denying especially, among other things, that the plaintiffs in the case at bar were parties to, or, are in any way, bound by the decree entered in cause No. 293, above referred to. Upon motion this answer to the special plea in bar was, by the court, stricken from the files as not responsive to the special plea in bar, and judgment was thereupon entered upon the special plea in bar dismissing the bill of complaint.

It is from the action of the court, in so striking the plaintiff's answer from the files and entering judgment of dissmissal that the plaintiff in the court below appeals.

### OPINION OF THE COURT.

WRIGHT, J.—The sole question for determination in this cause is whether the court erred in striking from the files the plaintiff's answer to the special plea in bar, as unresponsive, and entering judgment of dismissal thereon upon said special plea in bar. An examination of the pleadings shows that the plaintiff's answer to the special plea in bar raises a direct issue of fact upon the question of whether or not the plaintiff in this case was a party to the proceedings had in cause No. 293, wherein the Tularosa Community Ditch, a corporation, and others, were plaintiffs, and the Tularosa Land and Cattle Company, a corporation, and others, were defendants. Upon this disputed question of fact the plaintiff was entitled to be heard and to introduce evidence in support of its contention. The lower court by summarily striking the

answer from the files as not responsive, denied the plaintiff its right so to be heard upon the issue of fact. The action of the lower court, therefore, in striking plaintiff's answer to the special plea in bar from the files as unresponsive, and entering judgment of dismissal upon the said special plea in bar was error. This cause is, therefore, reversed and remanded to the district court, with instructions to proceed in accordance with this opinion.